IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

---

**ASIM BEN THABIT AL-KHALAQI**,
Guantánamo Bay Naval Station,
Guantánamo Bay, Cuba
      Petitioner

v.

**GEORGE W. BUSH**
      President of the United States
      The White House
      1600 Pennsylvania Avenue, N.W.
      Washington, D.C. 20500;

**DONALD RUMSFELD**
      Secretary, United States
      Department of Defense
      1000 Defense Pentagon
      Washington, D.C. 20301;

**ARMY COL. BRICE GYURISKO**
      Army Col. Commander, Joint Detention
      Operations Group, JTF-GTMO; and

**ARMY BRIG. GEN. JAY HOOD**
      Commander, Joint Task Force - GTMO

      Respondents

Civil Case No: 05-CV-00999 (RBW)

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONER'S MOTION FOR THE IMMEDIATE
ISSUANCE OF A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243
OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

Petitioner Asim Ben Thabit Al-Khalaqi, by and through undersigned counsel, relies on the following points and authorities in support of his motion requesting this Court to issue forthwith a writ of habeas corpus, pursuant to 28 U.S.C. § 2243 ("section 2243"), to be returned in three days. Alternatively, Mr. Al-Khalaqi seeks forthwith the issuance of an order to show cause why a writ of habeas corpus should not be granted, to be returned in three days.

**I.**

**BACKGROUND**

Petitioner Asim Ben Thabit Al-Khalaqi is a prisoner at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo Bay").  During Mr. Al-Khalaqi's prolonged imprisonment at Guantánamo Bay, Respondents have held Mr. Al-Khalaqi virtually incommunicado.

On May 18, 2005, Mr. Al-Khalaqi filed a Petition for Writ of Habeas Corpus.  On December 7, 2005, undersigned counsel filed an Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") on Mr. Al-Khalaqi's behalf. Mr. Al-Khalaqi contests his incarceration and inhumane treatment on the grounds that they violate the Constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law.

Over twenty days have passed since the filing of Mr. Al-Khalaqi's Petition.  As of the date this motion was filed, this Court had not issued a writ of habeas corpus.  Nor had Respondents shown cause why Mr. Al-Khalaqi's Petition should not be granted.  This motion follows.

**II.**

**THIS COURT SHOULD GRANT Mr. AL-KHALAQI'S WRIT OR ORDER RESPONDENTS TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED**

Section 2243 mandates that "[a] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  In particular, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."  Id.  Mr. Al-Khalaqi filed his original petition over seven months ago, on May 18, 2005.  He filed his amended petition over twenty days ago, on

December 7, 2005.  The time limits set forth in section 2243 have passed.  Id. Accordingly, this Court must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."  28 U.S.C. § 2243.

### A.     Mr. Al-Khalaqi is Entitled to Compliance With Section 2243

This Court must comply with the requirements of section 2243, "unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2241. Because Mr. Al-Khalaqi is entitled to seek habeas relief in this Court, he is also entitled to full compliance with the procedures governing such relief, including the procedures laid out in section 2243.

Guantánamo Bay detainees such as Mr. Al-Khalaqi have a right to challenge their incarcerations through habeas proceedings conducted in United States federal courts.  Rasul v. Bush, 542 U.S. 466, 483 (2004) ("We therefore hold that § 2241 confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base"); 28 U.S.C. § 2241.  In Rasul, the Supreme Court held that the Guantánamo Bay petitioners properly invoked the district court's habeas jurisdiction where they contended "that they are being held in federal custody in violation of the laws of the United States."  Id. at 483.  Mr. Al-Khalaqi's case is closely analogous to the cases the Supreme Court addressed in Rasul.  Like the Rasul petitioners, Respondents are holding Mr. Al-Khalaqi indefinitely at Guantánamo Bay.  Id. at 483-84.  Like the Rasul petitioners, Mr. Al-Khalaqi contends, among other things, that he is being held in federal custody in violation of the laws of the United States.  Id. at 483.  Like the Rasul petitioners, Mr. Al-Khalaqi brings his Petition in the United States District Court for the District of Columbia.  Rasul confirms that this Court has jurisdiction over Mr. Al-Khalaqi's claim.

Given that this Court has jurisdiction over Mr. Al-Khalaqi's claim, this Court is bound to follow the statutory procedures that govern such claims.  "A court, justice or judge entertaining an application for a writ of habeas corpus *shall*" comply with the requirements of section 2243.

28 U.S.C. § 2243 (emphasis added).  Pursuant to section 2243, now is the time for this Court to either grant Mr. Al-Khalaqi's writ or order Respondents to show cause why this Court should not do so.  Id.

**B.      No "Good Cause" Exists to Grant Respondents' Additional Time**

Under the circumstances, Respondents can show no "good cause" for the Court's allowing Respondents' additional time to show cause why this Court should not grant the writ.  Nor have they attempted to do so.  Upon information and belief, Respondents have detained Mr. Al-Khalaqi for over three years.  During this time, the United States government has had more than enough time to gather evidence regarding the legality of Mr. Al-Khalaqi's detention.  Now is the time for this Court's review.

Upon information and belief, the United States has interrogated Mr. Al-Khalaqi on numerous occasions, and even held a "military tribunal" at which his "enemy combatant" status was reviewed.  See, e.g., Respondent's Opposition to Petitioners' Motions for Preliminary Injunctions Requiring Advance Notice of Transfer or Release at 2-3 (declaring detainees to be "enemy combatants" and stating that "[t]he Department of Defense ... conducts at least annual reviews of each Guantanamo detainee to determine whether continue detention is warranted").  Because the United States claims to have already reviewed its justifications for Mr. Al-Khalaqi's continued detention, it cannot now claim that it needs more time to respond to Mr. Al-Khalaqi's Petition challenging that detention.

On the other hand (although he need not do so to benefit from section 2243's timing requirements), Mr. Al-Khalaqi *can* show good cause why this Court should handle this matter as expeditiously as the law allows.  Respondents have held Mr. Al-Khalaqi virtually incommunicado for over three years.  During this time, Respondents have carefully controlled access to Mr. Al-Khalaqi and made their own determinations regarding the "lawfulness" of his detention, without providing Mr. Al-Khalaqi the opportunity to have Respondents' determinations independently reviewed.

This is particularly troubling given that the accuracy of Respondents' determinations in cases such as Mr. Al-Khalaqi's appears to be haphazard at best.  In one remarkable account, the Wall Street Journal reported that, of those currently held at Guantánamo Bay, the United States military's own "[c]ommanders now estimate that up to 40% of the 549 current detainees probably pose no threat and possess no significant information."  See Christopher Cooper, In Guantanamo, Prisoners Languish in a Sea of Red Tape, Wall Street Journal, Jan. 26, 2005, at A1.  Even more stunning, "[m]ilitary officials at Guantánamo say they have specifically recommended the release of about 100 of those men.  But after a year of delay, the Pentagon, which makes the final call, has yet to act." Id.

Mr. Al-Khalaqi's situation is particularly urgent given the inhumane conditions of his detention, as detailed in his Petition.  Under the circumstances, there is no "good cause" for further delay.

### III.
### CONCLUSION

For the above-stated reasons, and for any other reason that may become known to this Court, Mr. Al-Khalaqi respectfully requests that this Court issue either a writ of habeas corpus or an order to show cause why the writ should not be granted, to be returned within three days.

Dated:  December 29, 2005         Respectfully submitted,

/s/ Ellis M. Johnston, III
/s/ Heather R. Rogers
/s/ Reuben Camper Cahn
Ellis M. Johnston, III (Cal. Bar No. 223664)
Heather R. Rogers (Cal. Bar No. 229519)
Reuben Camper Cahn (Florida Bar No. 874299)
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467

Counsel for Petitioner