IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ASIM BEN THABIT AL-KHALAQI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-0999 (RBW) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S
MOTION SEEKING ENTRY OF PROTECTIVE ORDER OR STATUS CONFERENCE**

Respondents hereby oppose petitioner's motion for entry of the protective order[1] or for a status conference regarding entry of the order in this case (dkt. no. 22).[2]

---

[1] See Amended Protective Order, In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004) ("Protective Order"); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10, 2004).

[2] On January 11, 2006, this Court stayed "all action" in the above-captioned case pending resolution by the D.C. Circuit of "serious questions concerning whether this Court retains jurisdiction to hear the above-captioned case[]" after the Detainee Treatment Act of 2005 became law. See January 11, 2006 Order (dkt. no. 21). Because the Court stayed "all action" in this case, on May 25, 2006, respondents filed a notice indicating that, absent further direction from the Court, respondents did not intend to submit a substantive response to petitioner's motion for entry of the protective order. See Respondents' Notice Regarding Petitioner's Motion for Entry of Protective Order (dkt. no. 23). On May 26, 2006, the Court ordered respondents to respond to petitioner's motion by June 2, 2006. See Minute Order dated May 26, 2006. Respondents hereby submit the instant opposition to petitioner's motion pursuant to the Court's May 26, 2006 Order.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants; section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases. Id. § 1005(h). In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioner.[3]

---

[3] Petitioner's suggestion that the issue of entry of the Protective Order in this case is a matter for decision by Magistrate Judge Kay, Petr's Mot. at 2, should be rejected. Under the Court's November 11, 2005 Order (dkt. no. 6), the reference to Judge Kay extends only to "[m]otions pertaining to interpretation or construction of any protective order which has been entered in any of the . . . [Guantanamo habeas] cases," id. ¶ 1, and "disputes pertaining to

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[4] and the Court previously entered an order, in this and other Guantanamo habeas cases before it, staying "all action" in the cases pending a ruling from the Court of Appeals.[5]  See January 11, 2006 Order (dkt. no. 21).[6]  Given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a continuation of the Court's stay of proceedings in this case, including with respect to petitioner's request for relief, is appropriate pending the resolution of the effect of the Act.[7]  Indeed, because the Act vests "exclusive"

---

logistical issues, such as communications with or visits to clients and counsel, to facilitate discussion and resolution by the parties as promptly as possible," id. ¶ 2.  Petitioner's motion seeking entry of the Protective Order in this case in the first instance, however, is excluded from ¶ 1 and, moreover, is no mere "logistical issue" under ¶ 2.

[4] Oral argument before the D.C. Circuit was held on March 22, 2006.

[5] In this vein, three other Judges of the Court also have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act.  See January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.  In addition, another Judge has regularly held in abeyance motions filed in Guantanamo habeas cases before him pending resolution of the jurisdictional issue.  See, e.g., March 3, 2006 Docket Entry in Al Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (holding in abeyance motion for entry of protective order).

[6] While petitioner cites an instance of the Court entering the Protective Order in a case after the Detainee Treatment Act became effective, Petr's Mot. at 4-5 n.2, that occurred before the Court stayed "all action" in this and other Guantanamo habeas cases before it pending resolution of the jurisdictional issue.

[7] Respondents have understood that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.  Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 19), but refrained from doing so when they were informed of the sense of the Court and the Court's January 11, 2006 Order.  During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective

jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). Entry of the Protective Order would be an assertion of jurisdiction and authority in the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and

---

Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit. Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered. In any event, respondents' position in this case prior to the enactment of the Act or their actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits the Court to grant the relief requested by petitioner in this case. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

dismissing the cause."). Thus, the relief requested by petitioner is not a matter independent of the jurisdictional question pending before the Court of Appeals.[8]

In addition, petitioner possesses no separate right of access to counsel that warrants the application of the protective order to this action notwithstanding the Act's withdrawal of the Court's jurisdiction over this case. See Petr's Mot. at 5-8. In Rasul v. Bush, 542 U.S. 466 (2004), the Supreme Court held only that aliens detained at Guantanamo Bay can invoke the habeas jurisdiction of a district court under 28 U.S.C. § 2241 — jurisdiction now withdrawn by the Act — and did not address whether these detainees have any substantive rights, including the right to counsel. See id. at 484. Similarly, in Al Odah v United States, 346 F. Supp. 2d 1

---

[8] Furthermore, entry of the Protective Order would be inappropriate to the extent that petitioner's counsel seek to characterize the Protective Order as guaranteeing counsel access to petitioner regardless of jurisdictional issues in the case. Recently, Magistrate Judge Kay has interpreted the Protective Order as guaranteeing any counsel who purport to represent a detainee privileged access to the detainee even in the face of respondents' challenge to next friend standing and other jurisdictional challenges in the case. See Adem v. Bush, 2006 WL 751309 (Mar. 21, 2006) (dkt. no. 36), recons. denied, 2006 WL 1193853 (Apr. 28, 2006) (dkt. no. 42); Sadar Doe v. Bush, No. 05-CV-1704 (JR) (LFO) (AK) (Memorandum Order dated May 11, 2006) (dkt. no. 33); Said v. Bush, No. 05-CV-2384 (RWR) (AK) (Memorandum Order dated May 23, 2006) (dkt. no. 23); see also Razakah v. Bush, No. 05-CV-2370 (EGS) (Order dated May 18, 2006) (dkt. no. 23). Respondents have noted the grave jurisdictional issues presented by the Magistrate Judge's interpretation of the Protective Order, as well as the inconsistency of that interpretation with the language, history and context of the Protective Order in the Guantanamo habeas cases, see e.g., Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006 in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 38, 39); Respondents' Motion for Stay and Reconsideration of Magistrate Judge's May 11, 2006 Memorandum Order in Sadar Doe v. Bush, No. 05-CV-1704 (JR) (dkt. nos. 34, 35) (copy without exhibits attached as Exhibit A). The Magistrate Judge, however, has brushed aside respondents' objections and granted counsel access in such circumstances, characterizing his action merely as enforcement of the terms of the previously entered Protective Order in the case, which, according to the Magistrate Judge, is unaffected by jurisdictional considerations. See, e.g., Adem, 2006 WL 751309, *8-*11. This Court should not proceed to enter the Protective Order in this case to the extent it may or will be interpreted in a fashion that will raise or purport to sidestep the serious jurisdictional and interpretive issues raised by respondents.

(D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted. See id. at 4-5, 7-8. Thus, contrary to petitioner's suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, neither Rasul nor Al Odah compels the relief requested by petitioner.

Further, to the extent petitioner rests his request for relief on a constitutional due process right, see Petr's Mot. at 5-6, it is unclear whether petitioner — an alien enemy combatant detained outside the sovereign territory of the United States during a time of war — has any cognizable Fifth Amendment rights. See Hamdan v. Rumsfeld, 415 F.3d 33, 37 (D.C. Cir. 2005) (stating that "there is doubt" whether aliens detained at Guantanamo can assert constitutional claims"); Khalid v. Bush, 355 F. Supp. 2d 311, 321-23 (D.D.C. 2005) (Leon, J.) (holding that aliens held at Guantanamo are not possessed of any constitutional rights).[9] In any event, regardless of the appointment of counsel to represent petitioner in this case, the Act has withdrawn the Court's jurisdiction to hear or consider petitioner's habeas claims. Thus, the entry of the protective order or the issuance of any relief in this case would be improper.

---

[9] The Khalid case and Judge Green's decision in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443, 464-78 (D.D.C. 2005), which concluded that Guantanamo detainees possess procedural due process rights to challenge the procedures used to confirm their status as enemy combatants, are on appeal to the D.C. Circuit and are under consideration on a consolidated basis. See Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005); No. 05-5064 (D.C. Cir. Mar. 10, 2005). Accordingly, the D.C. Circuit will decide whether and to what extent detainees at Guantanamo have any due process rights under the United States Constitution.

Finally, counsel argue that the Court should enter the protective order in this case so as to purportedly enable counsel to comply with their own professional obligations under the ABA Model Rules. See Pet's Mot. at 8. Of course, any professional obligation of petitioner's counsel to investigate a matter[10] does not itself create a right to entry of the Protective Order, and counsel cite no authority to the contrary. Thus, counsel's professional obligations are not an appropriate factor for the Court to consider in determining whether to enter the Protective Order in this case. In any event, such a factor would also be of no consequence here given the Act's withdrawal of the Court's jurisdiction over this case, which prohibits the Court from granting any relief in this proceeding.

For these reasons, respondents oppose petitioner's motion seeking entry of the protective order or for a status conference regarding entry of the order in this case.

Dated: June 2, 2006                                   Respectfully submitted,

                                                      PETER D. KEISLER
                                                      Assistant Attorney General

                                                      DOUGLAS N. LETTER
                                                      Terrorism Litigation Counsel

---

[10] Respondents dispute petitioner's counsel's allegation, Petr's Mot. at 8 & n.4, that respondents' counsel have refused to provide counsel information regarding petitioner's status as an enemy combatant (petitioner in fact is classified as an enemy combatant) and his language ability. While respondents typically have declined to respond to what are essentially informal discovery requests from counsel in the Guantanamo habeas cases, respondents' counsel routinely have informed counsel, upon request, of a represented detainee's enemy combatant status and language ability. In fact, respondents' counsel have provided such information to petitioner's counsel's office with respect to other detainees that the office represents in other cases.

    /s/ Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents