UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ASIM BEN THABIT AL-KHALAQI, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 05-999 (RBW) |
| GEORGE W. BUSH, et al., | ) ) ) | |
| Respondents. | ) ) | |

**ORDER**

      Currently before the Court is the petitioner's May 11, 2006, Motion Seeking Entry of the Protective Order, or in the Alternative, a Status Conference on Entry of the Order ("Pet.'s Mot."). The respondents oppose this motion on several grounds. First, the respondents argue that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA"), deprives this Court of jurisdiction to enter the protective order sought by the petitioner. See Respondents' Memorandum in Opposition to Petitioner's Motion for Entry of Protective Order ("Resps.' Opp.") at 2-5. Second, the respondents assert that "the petitioner possesses no separate right of access to counsel that warrants the [entry] of the protective order" the petitioner is seeking. Resps.' Opp. at 5. The respondents raised both of these arguments in opposition to the entry of the protective order in Nasrullah v. Bush, Civ. No. 05-891 (RBW).[1] The Court expressly rejected the respondents' arguments in Nasrullah, and it discerns no reason to revisit or depart from the ruling made there. Order, Civ. No. 05-891 (June 12, 2006).

---

[1] Though expressed here in more elaborate terms, the arguments in the respondents' opposition are substantially the same as those presented in Nasrullah. Compare Nasrullah, Civ. No. 05-891 (RBW), Respondents' Memorandum in Opposition to Petitioner's Motion for Entry of Protective Order at 1-3 (Apr. 24, 2006) with Resps.' Opp. at 2-6.

Beyond these two arguments, the respondents have offered no further support for their position that the Court lacks the authority to enter protective orders affording the petitioner access to counsel while this case is in its current posture.  Moreover, the respondents' own words and actions belie such a conclusion.  Their willingness to consent to the entry of the protective orders in similar cases even after the DTA came into effect on December 30, 2005, undermines their contention that the Court cannot or ought not enter an order affording the petitioner access to counsel.  See, e.g., Wahab v. Bush, Civ. No. 05-886 (EGS) (Jan. 10, 2006) (minute order granting unopposed motion for entry of protective order); Khiali-Gul v. Bush, Civ. No. 05-877 (JR) (Jan. 6, 2006) (minute order granting consented motion for entry of protective orders); see also Mohammad v. Bush, Civ. No. 05-879 (RBW), Petitioner's Motion for Court to Enter Protective Orders at 2 (Jan. 6, 2006) (noting that counsel for the respondents "has no objection to the entry" of the protective orders); Bostan v. Bush, Civ. No. 05-883 (RBW), Petitioner's Motion for Court to Enter Protective Orders (Jan. 6, 2006) (same); Zadran v. Bush, Civ. No. 05-2367 (RWR), Unopposed Motion for Entry of a Protective Order at 2 (Jan. 3, 2006) (indicating that counsel for the respondents did not oppose entry of protective order).[2]

Additionally, the respondents themselves have acknowledged several factors which cut against denying the petitioner access to counsel.  When seeking a stay in Nasrullah, the respondents noted that the Guantanamo detainees "are likely unfamiliar with United States law and the American legal system, typically do not speak or write English, and have access to the

---

[2] In their opposition, the respondents contend that "[o]nce the [DTA's] withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered."  Resps.' Opp. at 3-4 n.7.  This contention, however, is directly contradicted by what occurred in the cases noted above.

2

Court only through mail and not the Court's electronic filing system," Nasrullah, Respondents' Motion to Stay Proceedings Pending Related Appeals and for Coordination at 5-6 (June 3, 2005).[3] This reality has not been changed by the passage of the DTA. Denying access to counsel to prisoners in this situation could therefore undermine the efficacy of the Great Writ of habeas corpus. See Rasul v. Bush, 542 U.S. 466, 483-84 (2004) (holding that the Guantanamo Bay detainees have a right of access to federal district courts under 28 U.S.C. § 2241 (2000)); see also Al Odah v. United States, 346 F. Supp. 2d 1, 11 n.12 (D.D.C. 2004) (observing that the Guantanamo Bay detainees "have been afforded access to the courts, which must necessarily be meaningful, and this meaningful access includes the opportunity to consult with counsel in private"). The Supreme Court "has constantly emphasized the fundamental importance of the writ of habeas corpus in our constitutional scheme" and "has steadfastly insisted that there is no higher duty than to maintain it unimpaired." Johnson v. Avery, 393 U.S. 483, 485 (1969) (internal quotation marks and citation omitted); see also Abu Ali v. Ashcroft, 350 F. Supp. 2d 28, 39-40 (D.D.C. 2004) (recounting the Supreme Court's many statements affirming the central role of habeas corpus in safeguarding liberty). Absent contrary direction by the District of Columbia Circuit, this Court is unwilling to take action that might conceivably dilute the Great Writ itself or impair its exercise. Accordingly, it is, this 15th day of June, 2006, hereby

---

[3] For these reasons, in both Nasrullah and other similar cases, the respondents have in the past expressed their willingness to allow the detainees access to counsel. See Nasrullah, Resps.' Motion to Stay Proceedings Pending Related Appeals and for Coordination at 5-6 (June 3, 2005) (noting that "recruitment of volunteer counsel for petitioners who desire counsel may be appropriate" and that the stay the respondents sought "would permit any such efforts to go forward"); see also Adem v. Bush, Civ. No. 05-723 (RWR), Respondents' Motion to Stay Proceedings Pending Related Appeals at 2 (Apr. 13, 2005) (indicating that "[i]n seeking a stay . . . [the] respondents do not intend thereby to block counsel access to properly represented petitioners.").

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, in <u>In re Guantanamo Detainee Cases</u>, 344 F. Supp. 2d 174 (D.D.C. 2004), the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004, in <u>In re Guantanamo Detainee Cases</u>, and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, in <u>In re Guantanamo Detainee Cases</u>, shall also apply to this case.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge