# EXHIBIT D



Defending Liberty
Pursuing Justice

Michael S. Greco
President

AMERICAN BAR ASSOCIATION

321 North Clark Street
Chicago, Illinois 60610-4714
(312) 988-5109
FAX: (312) 988-5100
E-mail: abapresident@abanet.org

July 11, 2006

The Honorable Arlen Specter
Chairman
U.S. Senate Committee on the Judiciary
Washington, D.C. 20510

The Honorable Patrick Leahy
Ranking Democratic Member
U.S. Senate Committee on the Judiciary
Washington, D.C. 20510

Dear Chairman Specter and Senator Leahy:

As the Senate moves forward with its consideration of legislation authorizing military commissions, I write on behalf of the American Bar Association ("ABA") to express our views on this issue. The ABA applauds your effort to hold hearings exploring the issues surrounding the authorization of military commissions in light of the recent United States Supreme Court decision in *Hamdan v. Rumsfeld.*

Since February 2002, we have urged the President and the Congress to ensure that any military commissions be required to comply with the rules of the Uniform Code of Military Justice (UCMJ), to provide the rights afforded in courts-martial, and to fully comply with our international treaty obligations. While the Guantanamo military commission system, as presently constituted, is inherently flawed, our nation has the finest military justice system in the world, and we therefore urge the Congress to insure that any legislation regarding military commissions rely to the greatest extent possible on the respected and tested framework of the UCMJ.

In August 2003, the ABA adopted a policy calling upon the Congress and the Executive Branch to insure that all defendants in any military commission trials receive the zealous and effective assistance of counsel. We endorsed certain basic principles for the conduct of military commission trials, including that the "government should not monitor privileged conversations, or interfere with confidential communications, between any defense counsel and client."

We are therefore deeply troubled by the revelations contained in the July 7, 2006 Department of Justice filing in the Guantanamo habeas cases pending in the United States District Court or the District of Columbia that military investigators, in the course of investigating the deaths of three Guantanamo detainees in June, seized from Guantanamo detainees **more than a half-ton** of documents, including a large number of highly privileged attorney-client communications.

Page Two
July 11, 2006

While we respect the right of the military to conduct its investigation, it appears that this seizure of privileged documents was conducted without advance judicial approval or supervision and without any opportunity for counsel to be heard, and indeed, was not even disclosed to a court or counsel until a month after the fact. The fact that procedures were not in place to prevent such wholesale invasion of the attorney-client privilege is most disturbing.

As you know, almost all of the civilian lawyers involved in the Guantanamo military commission and habeas cases have appeared *pro bono* at great personal and financial sacrifice and under difficult conditions. Many have complained to the ABA that their efforts to provide effective assistance of counsel have been hampered by rules, policies, and tactics of the Departments of Defense and Justice. It has been a challenge for these dedicated lawyers to gain the trust of their clients, and the recent seizure of these highly privileged communications could chill the attorney-client relationship and shatter any confidence the detainees might have had in the sanctity of the attorney-client privilege.

We therefore respectfully ask the Committee to request that the Inspectors General for the Department of Defense and the Justice Department investigate this matter promptly and make their findings and conclusions public in a report to the Committee. We also ask the Committee to request that the Office of Professional Responsibility in the Department of Justice determine how the government's lawyers permitted this potentially serious breach to occur, and to take appropriate action. These inquiries will help maintain public confidence in our system of justice.

These issues may well merit separate oversight hearings, but as the Senate Judiciary Committee now explores legislation regarding the establishment of future military tribunals, the ABA urges you to be particularly sensitive to the need to preserve and protect the attorney-client privilege against any intrusion into communications between detainees and their lawyers.

Thank you for your consideration of these issues.

Sincerely,

*[signature]*

Michael S. Greco

cc: Members of the Senate Committee on the Judiciary